# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JOHN P. ADUMAT, | CV-24-47-BU-BMM |
| Plaintiff, | |
| vs. | |
| MARY E. DEGANHART AND BRENDA R. GILBERT, | ORDER |
| Defendants. | |

## INTRODUCTION

Plaintiff John P. Adumat, proceeding without counsel, filed this action against Defendants Montana State District Judge Brenda R. Gilbert and Colorado State Judge Mary E. Deganhart. (Doc. 1.) Mr. Adumat asserts claims based on a judgment entered by Judge Deganhart after a jury trial in Colorado and then entered as a foreign judgment by Judge Gilbert in Montana. (*Id.* at 4.) Judge Deganhart filed a motion to dismiss on the grounds that Judge Deganhart has absolute judicial immunity from suit, that the Court lacks personal jurisdiction over Judge Deganhart, and that the Court lacks subject matter jurisdiction over Mr. Adumat's claims. (Doc 6.) Judge Gilbert filed a motion to dismiss on the grounds that Judge Gilbert has absolute judicial immunity from suit. (Doc. 19.) Mr. Adumat opposes the motions. (Doc. 5 and Doc. 9.) The Court conducted a hearing on the motions on September

12, 2024. (Doc. 22.) After the hearing, Mr. Adumat filed a motion to recognize bias and to reserve the right to change venue. (Doc. 23.)

## BACKGROUND

Mr. Adumat lived in Colorado before he moved to Montana. (Doc. 1-1 at 3.) In Colorado, Mr. Adumat had a lengthy and difficult property dispute with a neighbor, James Dunphy. (Doc. 23-1 at 1.) The property dispute escalated, and Mr. Adumat requested a restraining order against his neighbor after the neighbor discharged a gun. (Doc. 23-1 at 1.) A civil lawsuit to resolve the dispute took place before Judge Deganhart in the Colorado Seventh Judicial District Court, Delta County, Case Number 2020-CV-030036 (the "Colorado Action"). (Doc. 1-1 at 2 and Doc. 8-2 at 1.) Judge Deganhart held a bench trial and resolved "most" of the Colorado Action claims in Mr. Adumat's favor. (Doc. 1-1 at 3; Doc. 5 at 1). During the bench trial, Mr. Adumat informed Judge Deganhart that he was moving but "made it clear" that he did not want to disclose his new address because of the dangerous nature of the conflict with his neighbor. (Doc. 23-1 at 1.)

Mr. Adumat moved to Montana and began building a home on his new property. (Doc. 1 at 4 and Doc. 23-1 at 1.) A jury trial took place to resolve other claims in the Colorado Action a year after the bench trial. (Doc. 1-1 at 1.) The Colorado Seventh Judicial District Court sent all filings to Mr. Adumat at the only address he provided. (Doc. 6-3 at 1.) Some filings, but not all, were returned. (Doc.

2

6-3 at 1.)  Mr. Adumat alleges that he did not receive notice of the Colorado jury trial.  (Doc. 1-1 at 1.)

Judge Deganhart entered a judgment against Mr. Adumat.  Mr. Adumat's neighbor requested that the judgment be registered in the Montana Sixth Judicial District Court.  (Doc. 1-1 at 2.)  Judge Gilbert issued an order registering the judgment in May 2023.  (Doc. 1-1 at 2.)  Mr. Adumat learned of the judgment sometime in the spring of 2024 from the lender financing his construction loan.  (Doc. 12-1 at 2.)  Mr. Adumat paid the judgment so that he could proceed with construction and avoid foreclosure.  (Doc 1 at 4 and Doc. 12-1 at 2.)

Mr. Adumat filed a motion to set aside the judgment in the Montana Sixth Judicial District Court.  (Doc. 1-1 at 3.)  Judge Gilbert denied the motion because the Montana Sixth Judicial District Court lacked "jurisdiction to set aside a judgment entered by a Colorado court."  (Doc. 1-1 at 4.)  Mr. Adumat then filed a motion to set aside the judgment in the Colorado Seventh Judicial District Court. (Doc. 6-3 at 1.)  Judge Deganhart denied the motion because the court had sent all documents related to the case to Mr. Adumat at the only address it had on file and because Mr. Adumat failed to notify the court of his change of address.  (Doc. 6-3 at 1.)

Mr. Adumat chose not to appeal Judge Deganhart's decision to deny his motion to set aside the judgment.  (Doc. 23-1 at 1.)  Instead, Mr. Adumat filed his Complaint against Defendants Judge Deganhart and Judge Gilbert.  (Doc. 1.)  Mr.

Adumat alleged that Judge Deganhart and Judge Gilbert violated his constitutional rights, slandered and defamed him, and harmed his credit by failing to notify him of the jury trial in Colorado, allowing the jury trial to proceed without him, and registering the judgment in Montana. (Doc. 1 at 4.) Judge Deganhart and Judge Gilbert moved to dismiss the Complaint. (Doc. 6 and Doc. 18.)

The Court conducted a hearing on Defendants' motions to dismiss Mr. Adumat's Complaint. (Doc. 22.) Mr. Adumat argued that the Court possesses subject matter jurisdiction over the claims because Defendants violated his federal due process rights. Mr. Adumat also argued that the Court has personal jurisdiction over Judge Deganhart because her decisions in the Colorado Action affected him in Montana. After the hearing, Mr. Adumat filed a motion to recognize bias and to notify the Court of his right to change venue. (Doc. 23.)

## STANDARD OF REVIEW

"A court must have the power to decide the claim before it (subject matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). When a defendant moves to dismiss a complaint based on judicial immunity from suit under the Eleventh Amendment of the U.S. Constitution, the court understands the motion as a challenge to the court's power to decide the claim under Federal Rule of

Civil Procedure 12(b)(1) and to the plaintiff's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to include in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must be plausible under Rule 8(a)(2) to survive a motion to dismiss under Rule 12(b)(6). *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court must dismiss a complaint under Rule 12(b)(6) if the complaint does not state a claim upon which relief can be granted. *Mendiondo v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A court may dismiss a complaint "based on the lack of a cognizable legal theory . . . ." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A plaintiff has the burden of showing that the court has power over a defendant (personal jurisdiction) under Federal Rule of Civil Procedure 12(b)(2). *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A court accepts the jurisdictional facts asserted by a plaintiff as true on first appearance. *Schwarzenegger*, 371 F.3d at 800. When a plaintiff represents himself, the Court must liberally construe his pleadings. *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016).

## DISCUSSION

### I. Defendants' Motions to Dismiss

Defendants Judge Deganhart and Judge Gilbert moved to dismiss Mr. Adumat's claims because the Court lacks the power to decide Mr. Adumat's claims (subject matter jurisdiction) under Rules 12(b)(1) and 12(b)(6). Defendant Judge Deganhart also moved to dismiss Mr. Adumat's claims because the Court does not have personal jurisdiction over her under Rule 12(b)(2) and 12(b)(4). The Court agrees.

### A. Subject Matter Jurisdiction over Mr. Adumat's Claims

A defendant may move to dismiss an action under Federal Rule of Civil Procedure 12(b)(1) when a court lacks subject matter jurisdiction over a plaintiff's claims. A federal district court has no power to decide claims against state court judges acting in their official capacity because the Eleventh Amendment of the U.S. Constitution grants judges immunity from suit for those official actions. *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 979 (9th Cir. 2024). The Eleventh Amendment grants a state court judge immunity from suit for all actions taken in her judicial capacity unless the judge acts "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. This immunity prevents a plaintiff from suing a state court judge even if the judge acted in error and even if the consequences of her decisions harmed the plaintiff. *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985).

Mr. Adumat agrees that his claims are based on the actions taken by Judge Deganhart and Judge Gilbert in the course of their judicial duties. (Doc. 1 at 4.) His injuries arise from the decisions made by Judge Deganhart in Colorado state court and the registration of that judgment in Montana state court by Judge Gilbert. (Doc. 1 at 4; Doc. 9; Doc. 23.) Mr. Adumat alleges that Judge Deganhart "knowingly and willingly defaulted a judgment against me without notifying me of this trial" and that he was unable to defend himself in violation of his due process rights. (Doc. 23 at 1.) Mr. Adumat alleges that Judge Gilbert "was forced to act as Equal authority to file judgment" against him in Montana. (Doc. 1 at 4.) The Court accepts these allegations as true. Judge Deganhart and Judge Gilbert acted in the course of their official duties as state court judges by hearing a jury trial in Colorado and registering the resulting judgment from that trial against Mr. Adumat in Montana. (Doc. 1-1 at 2–4.)

Judge Deganhart and Judge Gilbert did not act "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. Mr. Adumat does not dispute that Judge Deganhart had jurisdiction to hear the case against him in Colorado state court. (Doc. 1 at 4.) Mr. Adumat participated in the "trial before [Judge Deganhart's] court" and chose not to provide Judge Deganhart's court with his new address in Montana after the bench trial concluded. (Doc. 23-1 at 1.) Judge Deganhart sent notice of the jury trial to Mr. Adumat at the Colorado address that he had provided.

(Doc. 6-3 at 1.) Judge Gilbert then granted the neighbor's request to register the judgment in Montana. (Doc. 1-1 at 2; Doc. 23-1 at 1.)

The Court accepts as true Mr. Adumat's allegation that he did not receive notice of the jury trial in Colorado. The Court accepts as true Mr. Adumat's allegation that Judge Gilbert's "[h]and was forced" to register the judgment in Montana. The Court accepts as true Mr. Adumat's allegation that Judge Gilbert did not notify Mr. Adumat of the registered foreign judgment. The Court accepts as true Mr. Adumat's allegation that these actions harmed him by forcing him to pay the judgment to avoid foreclosure. (Doc. 1 at 4; Doc. 23-1 at 1.)

Mr. Adumat does not allege that Judge Deganhart and Judge Gilbert took these actions in the absence of jurisdiction or outside their official judicial duties. Mr. Adumat's claims arise from the actions of Judge Deganhart and Judge Gilbert during the course of their official duties as state court judges and within their jurisdiction. Defendants Judge Deganhart and Judge Gilbert have immunity from suit for these actions under the Eleventh Amendment of the U.S. Constitution. This Court lacks the power to hear Mr. Adumat's claims.

### B. Personal Jurisdiction over Judge Deganhart

A federal court has personal jurisdiction, or power over a defendant, if state law allows it and if exercising jurisdiction over the defendant does not violate federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006).

8

Montana law allows the Court to exercise personal jurisdiction over a defendant when the defendant resides in Montana, receives service of process in Montana, or takes one of several listed actions (for example, entering into a contract, owning property, or committing a tort) in Montana. Mont. R. Civ. P. 4(b)(1). Federal due process permits a court to exercise personal jurisdiction if the defendant has "minimum contacts" with the forum state "such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A defendant has minimum contacts with a state if the defendant "purposefully direct[s] [her] activities or consummate[s] some transaction" with the forum state or a resident of the forum state; if the claim relates to the defendant's activities in the forum state; and if exercising jurisdiction over the defendant is reasonable. *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). A defendant's conduct must "connect[] [her] to the forum in a meaningful way" beyond the fact that a plaintiff experienced a particular injury or effect of the defendant's conduct. *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

Mr. Adumat does not allege that Judge Deganhart resides in Montana, received service of process in Montana, or took any action in Montana. (Doc. 1 at 4; Doc. 6 at 20.) Mr. Adumat's claims rest on the allegation that Judge Deganhart

9

failed to notify him of a jury trial and rendered a judgment in violation of his rights. (Doc. 1 at 4; Doc. 9; Doc. 23.) All of Judge Deganhart's actions in connection with Mr. Adumat's Complaint, including the failure to notify Mr. Adumat of the jury trial and judgment and the later denial of Mr. Adumat's motion to set aside the judgment, occurred in Colorado. (Doc. 1 at 4.) These facts do not show that Judge Deganhart purposefully directed her activities toward Montana.

Mr. Adumat argues that Judge Deganhart's actions in Colorado resulted in harm to him in Montana. (Doc. 9; Doc. 23-1 at 1.) But "mere injury to a forum resident is not a sufficient connection to the forum" to establish personal jurisdiction. *Walden*, 571 U.S. at 290. The fact that Judge Deganhart entered a judgment against Mr. Adumat in a Colorado state court, harming Mr. Adumat in Montana, does not provide the Court with personal jurisdiction over Judge Deganhart.

## II. Allegations of Bias

Mr. Adumat filed a "motion to recognize bias" and to reserve the right to change venue. (Doc. 23.) The Court will treat Mr. Adumat's motion to recognize bias as a motion for recusal under either 28 U.S.C. § 144 or 28 U.S.C. § 455. Under both laws, a judge must recuse himself when a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir.1983)). A judge's remarks

during a proceeding do not normally serve as a basis for disqualification, "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Mr. Adumat argues that the Court is biased for two reasons. First, Mr. Adumat asserts that the Court did not review any of the documents or minutes from the Colorado Action before the hearing. (Doc. 23 and Doc. 23-1 at 1.) Second, Mr. Adumat alleges that the Court compared his case to a lawsuit related to a "shopping cart incident" during the motion hearing, and the shopping cart incident was less serious than Mr. Adumat's claims. (Doc. 23.) Mr. Adumat argues that the Court's failure to review the details of the Colorado Action and the Court's comparison to a different case during the motion hearing show that the Court did not take Mr. Adumat's matter seriously. (Doc. 23 and Doc. 23-1 at 1.)

The Court did not review any of the documents from the Colorado Action before the motion hearing. Mr. Adumat did not supply these documents, and the Court did not need to review these documents in order to decide whether the Court has subject matter jurisdiction over the claims or personal jurisdiction over the Defendants. The Court did use the example of the shopping cart case during the motion hearing. The Court made this comparison to help explain jurisdiction, not to diminish the seriousness of Mr. Adumat's claims.

The Court possesses an obligation to hear a case when no reason to recuse exists. See *McCann v. Commc'ns Design Corp.*, 775 F. Supp. 1506 (D. Conn. 1991). Apart from Mr. Adumat's conclusion that the Court did not take his claims seriously, the facts he cites are true. These actions, namely, offering an analogy to a different case's facts and failing to review documents that Mr. Adumat did not file, do not show that the Court has a personal bias or prejudice against Mr. Adumat.

Further, the Court's actions during the motion hearing do not indicate that the Court has a "deep-seated favoritism or antagonism" that would make it impossible to render a fair judgment. *Liteky*, 510 U.S. at 555. A reasonable person with knowledge of the facts of Mr. Adumat's case would not conclude that the Court's impartiality might reasonably be questioned. *Studley*, 783 F.2d at 939. The Court will deny Mr. Adumat's motion to recuse.

### III.   No Leave to Amend

The Court will dismiss Mr. Adumat's claims against Judge Gilbert and Judge Deganhart for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Court must dismiss a claim without prejudice and allow a plaintiff to amend the complaint "unless it is clear . . . that the complaint could not be saved by any amendment." *Maya v. Centex Corp.*, 658 F.3d 1060, 1072 (9th Cir. 2011) (quoting *Krainski v. Nev. ex rel. Bd. of Regents of Nev. System of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010)).

Mr. Adumat cannot save his Complaint by amending it. Judge Gilbert and Judge Deganhart have immunity from suit for the actions they take in their official capacity as judges under the Eleventh Amendment of the U.S. Constitution. Mr. Adumat had the opportunity to challenge Judge Deganhart's ruling by appealing her decision to deny his motion to set aside the verdict. He did not do so. Mr. Adumat agrees that his claims rest on Defendants' judicial acts: Judge Deganhart's decisions during the bench and jury trials in Colorado and Judge Gilbert's order registering the judgment from the jury trial in Montana. No facts suggest that any of Mr. Adumat's claims arise from Defendants' actions outside of their judicial duties. Mr. Adumat cannot state his claims against Defendants in any way that would enable this Court to adjudicate them. The Court must dismiss Mr. Adumat's Complaint without granting him leave to amend it.

## CONCLUSION

The Court understands Mr. Adumat's frustration with the process in this case. Mr. Adumat suffered these losses due to his failure to have counsel in the Colorado case to receive notice of the jury trial and to file an appeal from the Colorado court's refusal to set aside the judgment. The Court urges Mr. Adumat to discuss his options with counsel. The Court finds that it does not have the power to decide the subject of the claims against Defendants Judge Deganhart and Judge Gilbert (subject matter jurisdiction) because Judge Deganhart and Judge Gilbert cannot be sued for the

actions they take as judges. The Court also does not have power over Defendant Judge Deganhart (personal jurisdiction) because Judge Deganhart has no contacts with Montana. Finally, Mr. Adumat's allegations of bias do not warrant recusal. The Court will grant Judge Dagenhart's motion to dismiss and Judge Gilbert's motion to dismiss. The Court will dismiss Mr. Adumat's Complaint with prejudice.

## ORDER

Accordingly, **IT IS ORDERED:**

1.) Defendant Mary E. Deganhart's Motion to Dismiss (Doc. 6) is **GRANTED**.

2.) Defendant Brenda R. Gilbert's Motion to Dismiss (Doc. 18) is **GRANTED**.

3.) Plaintiff John P. Adumat's Motion for Recusal (Doc. 23) is **DENIED**.

4.) Plaintiff John P. Adumat's claims against Defendants Mary E. Deganhart and Brenda R. Gilbert are hereby **DISMISSED** with prejudice.

DATED this 2nd day of October, 2024.

_____
Brian Morris, Chief District Judge
United States District Court